#883305

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

EVOQUA WATER TECHNOLOGIES LLC, a corporate entity form unknown;
and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JAMES CONNER, an individual;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es:)* | Governor George Deukmejian Courthouse<br>275 Magnolia<br>Long Beach, CA 90802 | CASE NUMBER: *(Número del Caso:)*<br>**21LBCV00314** |
|---|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)*

Jihad M. Smaili (SBN: 262219); SMAILI & ASSOCIATES, PC; 600 W. Santa Ana Blvd., Suite 202, Santa Ana, CA 92701; 714-547-4700

| DATE:<br>*(Fecha)* | | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

| [SEAL] | 1. ☐ as an individual defendant. |
|---|---|
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☒ on behalf of *(specify):* EVOQUA WATER TECHNOLOGIES LLC, A Corporate Entity form Unknown |
| | under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor) |
| | ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee) |
| | ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person) |
| | ☒ other *(specify):* Corporation Code 17061 Limited Liability Company |
| | 4. ☐ by personal delivery on *(date)* |

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Assigned for all purposes to: Governor George Deukmejian Courthouse, Judicial Officer: Mark Kim

Electronically FILED by Superior Court of California, County of Los Angeles on 06/07/2021 05:43 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Ballesteros, Deputy Clerk

Jihad M. Smaili, Esq. [262219]
**SMAILI & ASSOCIATES, PC**
Civic Center Plaza Towers
600 W. Santa Ana Blvd., Suite 202
Santa Ana, California 92701
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com

Attorney for Plaintiff

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JAMES CONNER, an individual;<br><br>Plaintiff,<br><br>v.<br><br>EVOQUA WATER TECHNOLOGIES LLC, a corporate entity form unknown; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: **21LBCV00314**<br>Assigned for all purposes to the<br><br>**COMPLAINT:**<br>1. Discrimination in Violation of Gov. Code §12940 *et seq.*<br>2. Race/National Origin Discrimination in Violation of Gov. Code § 12940 *et seq.*<br>3. Age Discrimination in Violation of Gov. Code §12940 *et seq.*<br>4. Failure to Accommodate in Violation of Gov. Code § 12940(m)<br>5. Failure to Engage in Interactive Process in Violation of Gov. Code § 12940(n)<br>6. Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k)<br>7. Retaliation in Violation of Gov. Code §12940(h)<br>8. Wrongful Termination<br>9. Meal and Rest Break Violations of Labor Code § 226.7<br>10. Violation of Business & Professions Code § 17200 *et seq.*<br><br>**DEMAND FOR JURY TRIAL**<br>**UNLIMITED JURISDICTION** |

Smaili & Associates, P.C.

Plaintiff James Conner (hereinafter "Plaintiff" and/or "Conner") alleges as follows:

## THE PARTIES

1.      At all times mentioned herein, and at the time the causes of action arose, Plaintiff was and is an individual.

2.      Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant Evoqua Water Technologies LLC (hereinafter "EWT"), is a corporate entity, form unknown, regularly conducting business in the State of California, and specifically, in the County of Los Angeles.  Plaintiff is further informed and believes and thereon alleges that EWT was transacting business in the County of Los Angeles, State of California, at the time claims of Plaintiff arose.  At all times relevant, EWT was an employer within the meaning of *Government Code* §12926(d) and as such was barred from, *inter alia*, harassing, discriminating or retaliating against Plaintiff in personnel, scheduling, employment, promotion, advancement, retention, hiring, terminating and other decisions relating to Plaintiff's employment on the basis of race, national origin, physical disability or medical condition, participation in protected activity, and other immutable characteristics.

3.      The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1—50, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each Defendant named herein as a DOE was responsible in some manner for the occurrences and damages alleged herein.

4.      Each reference in this complaint to "Defendant" and/or "Defendants" refers to EWT, and also refers to all Defendants sued under fictitious names, jointly and severally.

5.      Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.  Plaintiff is further informed and believes and thereon alleges that Defendants, and each of

them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.  Likewise, Defendants, and each of them are now and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

6.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

7.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injures and/or damages alleged in this Complaint.  Plaintiff is further informed and believes and thereon alleges that Defendants, and each of them, at all times mentioned in this Complaint, approved of condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.  Likewise, Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

8.     Plaintiff is informed and believes and thereon alleges that at all actions alleged herein committed by Defendants were committed by managing agents of Defendants, or, such conduct was known by and/or ratified by managing agents of Defendants.

////

///

///

## VENUE AND JURISDICTION

9.    Venue is proper in this county and this Court has jurisdiction over this matter because Defendants operate out of Signal Hill, California, and, all of the claims and causes of action alleged herein occurred and accrued in the County of Los Angeles, State of California.

## FACTUAL BACKGROUND

10.    On or about November 9, 1998, Defendant hired Plaintiff. Plaintiff worked as a Lead Regenerator, and his job duties included, but were not limited to, handling the regeneration tanks, and loading and unloading the Arizona and San Diego trucks. For over two decades, Plaintiff worked hard and at the age of 47, he earned an hourly wage of $20.00.

11.    Throughout his employment, Defendant's agent Dave Stewart ("Stewart") continuously harassed Plaintiff on the basis of his age. Although Defendant's other managing agents consistently gave Plaintiff positive performance reviews, Stewart would single-out Plaintiff and criticize his work. For instance, if Plaintiff made even a minor mistake, Stewart would publicly demand Plaintiff to come into his office and give him a write up. When other employees would make the same mistakes, they would not even receive warnings. Plaintiff was also given a significantly larger workload than other employees. And although he continued to perform well, Defendant passed on Plaintiff for several promotions and raises in the 21 years he had been working for Defendant. Because Plaintiff enjoyed his job and did it well, he jumped through every hoop Stewart demanded of him.

12.    In or around 2012, Plaintiff was unfortunately diagnosed with seminoma cancer, a medical condition. Rather than being supportive of Plaintiff during this devastating time, Defendant's concern was when Plaintiff would be returning to work. Instead of focusing on his treatment and recovery, Plaintiff was placed on medical leave for approximately five (5) weeks and rushed back to work in fear of being retaliated against, reprimanded, or terminated. Accordingly, Plaintiff was physically disabled within the

Smaili & Associates, P.C.

1   meaning of Gov't Code §12926 because Plaintiff's medical condition prevented Plaintiff

2   from performing major life functions, including, without limitation, working. Defendant

3   failed to engage Plaintiff in a good faith interactive process and failed to offer an

4   accommodation.

5       13.    Although Plaintiff had surgery to remove the seminoma cancer, in or around

6   2015, Plaintiff was diagnosed with stage four cancer in his lymph nodes. Plaintiff promptly

7   notified Defendant's agent Stewart and informed him how serious his diagnosis was.

8   Again, rather than offering support, Stewart constantly harassed Plaintiff and pressured

9   him to continue working even though he was about to start chemotherapy treatment.

10  Defendant and its agents again failed to engage Plaintiff in a good faith interactive process

11  and failed to accommodate him.

12      14.    This hostile work environment began to cause Plaintiff severe stress and

13  anxiety, exacerbating his medical condition. Egregiously, Stewart threatened that if

14  Plaintiff reported the discrimination and harassment to Defendant's Human Resources

15  Department ("HR"), that Stewart would "bury [him]" and that Plaintiff "would have a

16  whole lot of other problems to deal with!" Moreover, Stewart accused Plaintiff of "ruining

17  his vacation" because he was diagnosed with stage four cancer and required medical

18  treatment and extensive chemotherapy. Defendant was well aware of Stewarts actions

19  because several of Defendant's other agents were present when Stewart made such callous

20  comments. However, Defendant took no action to stop or prevent the discriminatory and

21  harassing behavior.

22      15.    Furthermore, due to the physically demanding nature of Plaintiff's job duties,

23  he began to suffer from pain in his back, ankle and foot starting in or around April 2016,

24  and he continued to suffer from pain. These work-related injuries also limited a major life

25  function, such as working, and constitute a disability. Defendant had a systematic and

26  widespread pattern of retaliating against employees who suffered work related injuries.

27  And although Defendant was aware of Plaintiff's injuries and resulting disabilities,

28

Smaili & Associates, P.C.

1   Defendant did not provide Plaintiff workers' compensation paperwork, did not offer an
2   accommodation, and did not engage Plaintiff in a good faith interactive process.

3       16.     Additionally, Plaintiff was discriminated against and harassed due to his race
4   and national origin. At one time during his employment, he was one of two Caucasian
5   employees working for Defendant. A majority of Defendant's other agents were Hispanic.
6   The Hispanic employees would call Plaintiff derogatory names in Spanish such as
7   "cracker," and "white piece of shit." Further, Plaintiff is married to an Asian-American
8   woman, and on several occasions, Defendant's agent, Stewart, called Plaintiff's wife a
9   "chink," in order to get a rise out of him. Again, Defendant did not take any action to stop
10  or prevent the harassment and misconduct.

11      17.     Plaintiff continued to endure this toxic work environment daily. His
12  complaints of harassment, discrimination, and retaliation all fall on deaf ears, and his
13  mental health and well-being were jeopardized constantly.  His stress and anxiety were
14  exacerbated. Ultimately, Plaintiff was constructively terminated in or around June 2020.
15  No other reasonable person in Plaintiff's position would have continued working under the
16  same circumstances. After two decades of loyal and dedicated service, Plaintiff did not
17  deserve to be treated in such an appalling and unacceptable manner. Upon information and
18  belief, he was replaced with an employee below the age of 40.

19      18.     Lastly, Plaintiff has significant wage-and-hour claims. Throughout his
20  employment, Defendant failed to provide Plaintiff with 30-minute uninterrupted meal
21  breaks for every five hours worked and failed to provide 10-minute rest breaks for every
22  four hours worked. Plaintiff is allowed all maximum waiting time penalties as afforded by
23  California law.

24      19.     Upon information and belief, Plaintiff suffered harassment, discrimination,
25  retaliation, and ultimately constructive termination due to his disability, medical
26  condition/cancer, for requesting medical treatment, for filing/perceived filing for workers'
27  compensation, for taking medical leave, for requesting an accommodation, his age, his
28  race/national origin, and for engaging in protected activity of complaining about

harassment and discrimination. Further, Defendant failed to provide workers' compensation paperwork, refused to offer any reasonable accommodation, and failed to engage in a good faith interactive process.

20.     Before filing this lawsuit, Plaintiff exhausted his administrative remedies by timely filing a complaint with the Department of Fair Employment and Housing (DFEH) and receiving a right-to-sue notice, dated July 9, 2020.

**FIRST CAUSE OF ACTION**

**DISCRIMINATION IN VIOLATION OF**

**CALIFORNIA GOVERNMENT CODE § 12940 *et seq.***

**(Against All Defendants)**

21.     Plaintiff refers to all allegations contained in paragraphs 1-20, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

22.     California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons with a physical condition or disability, which is broadly defined therein, and which includes even the perception that a person has a medical or mental condition and/or physical condition or disability.  FEHA further prohibits discrimination based upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy and other immutable characteristics.

23.     Plaintiff has a disability and medical condition as alleged above.

24.     Defendant was aware of Plaintiff's work-related injuries, stress, medical condition, and resulting disability, as herein alleged, because Plaintiff specifically reported said disability directly to Defendant via Defendant's supervisors and managing agents.

25.     At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job.

26.     Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff 's disability and medical condition, Defendant refused to

engage Plaintiff in an interactive process, refused to communicate with Plaintiff, refused to accommodate Plaintiff 's disabilities, denied Plaintiff opportunity for advancement, promotion and the ability to earn a living, and terminated Plaintiff.

27.     Defendant's discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's disability in violation of FEHA, and particularly *Gov't Code* §12940(a).

28.     As a direct, foreseeable, and proximate result of Defendant's discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendants' discriminatory conduct, all in an amount subject to proof at the time of trial, but believed to be no less than three hundred thousand dollars.

29.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to Plaintiff's damage in an amount subject to proof at trial.

30.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff 's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

31.     Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

32.     Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities.   By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

33.   Plaintiff is informed and believes and thereon alleges that Plaintiff's on the job injury and resulting disability was a motivating factor in the decision of Defendant to discriminate against him and terminate him.

34.   The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

35.   The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

36.   Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

**SECOND CAUSE OF ACTION**

**DISCRIMINATION BASED UPON RACE/NATIONAL ORIGIN IN VIOLATION OF GOV CODE §12940 *et seq.***

**(Against all Defendants)**

37.   Plaintiff refers to all allegations contained in paragraphs 1-37, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

38.   FEHA, codified at *Government Code* §12900 et seq., prohibits discrimination against persons based on race and/or national origin.

39.   Plaintiff is Caucasian

40.   Defendant was aware that Plaintiff is Caucasian because Plaintiff specifically advised Defendant, and Defendant's agents, of the same.

41.   Defendant made and allowed its agents to make discriminatory and derogatory comments about Caucasians,  and treated its Hispanic employees with preferential treatment.

42.     Defendant treated Plaintiff differently from its other employees. Defendant treated its non-Caucasain employees with favoritism.

43.     At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job.

44.     Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's race/national origin, Defendant decided to terminate Plaintiff's employment, and in fact, did terminate Plaintiff's employment.

45.     Defendant's discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's race/national origin, in violation of FEHA, and particularly *Gov't Code* §12940.

46.     As a direct, foreseeable, and proximate result of Defendant's discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's discriminatory conduct, all in an amount believed to be three hundred thousand dollars, subject to proof at the time of trial.

47.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

48.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

49.     Defendants, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the

workplace.

50.   Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees based on their race/national origin.  By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

51.   Plaintiff is informed and believes and thereon alleges that his race/national origin was a motivating factor in the decision of Defendant to discriminate against him and/or terminate him.

52.   The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

53.   Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

### THIRD CAUSE OF ACTION

### AGE DISCRIMINATION

### IN VIOLATION OF GOV. CODE § 12940 *et seq.*

#### (Against all Defendants)

54.   Plaintiff refers to all allegations contained in paragraphs 1-53, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

55.   At all times herein mentioned, Gov't Code §§12940(a) and 12941 were in full force and effect and were binding on Defendant.  These sections require Defendant to refrain from discriminating against any employee over the age of 40 because of their age.

56.   At the time of Plaintiff's termination and at all times that Defendant was discriminating against Plaintiff as alleged herein, Plaintiff was over the age of 40.  Plaintiff is informed and believes and thereon alleges that after years of wholly satisfactory,

competent and diligent performance to the profit of Defendants, that Plaintiff's age, being over 40, was a motivating factor in Defendants' decision to terminate Plaintiff's employment. Said conduct by Defendants was intentional and willful.

57.     Plaintiff is informed and believes and thereon alleges that Plaintiff was replaced with an employee below the age of 40.

58.     Defendant was aware of Plaintiff's age, as herein alleged, because Defendant maintained Plaintiff's personnel file which specifically contained the date of Plaintiff's birth and his corresponding age.

59.     At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job.

60.     Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's age, Defendant decided to discriminate against him, and in fact, discriminated against Plaintiff.

61.     Defendants' discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's age in violation of FEHA, and particularly Gov't Code §12940.

62.     As a direct, foreseeable, and proximate result of Defendants' discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's discriminatory conduct, all in an amount subject to proof at the time of trial.

63.     As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to her damage in an amount subject to proof at trial.

64.     Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise,

Smaili & Associates, P.C.

1  control, direct, manage, and counsel those agents throughout Plaintiff's employment and
2  that Defendant ratified, condoned and/or encouraged the discriminatory behavior and
3  enabled agents to believe that their conduct was appropriate.

4      65.    Defendants, and each of them, failed to offer counseling or comfort to
5  Plaintiff and sent the unmistakable message that such conduct is appropriate in the
6  workplace.

7      66.    Plaintiff is informed and believes and thereon alleges that Defendant has a
8  systemic and wide-spread policy of discriminating against and retaliating against
9  employees over the age of 40. By failing to stop the discrimination, harassment and
10 retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn,
11 directly caused a vicious cycle of wrongful conduct with impunity.

12     67.    The outrageous conduct of Defendant, and each of them was done with
13 oppression and malice by Defendant and its supervisors and managers, along with
14 conscious disregard of Plaintiff's rights, and were ratified by those other individuals who
15 were managing agents of Defendant.

16     68.    Plaintiff also continues to incur attorneys' fees and legal expenses in an
17 amount according to proof at the time of trial which fees and expenses are recoverable
18 pursuant to Gov't Code §12900 et seq.

19                   **FOURTH CAUSE OF ACTION**
20        **FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF**
21           **CALIFORNIA GOVERNMENT CODE § 12940(m)**
22                   **(Against All Defendants)**

23     69.    Plaintiff refers to all allegations contained in paragraphs 1-68, inclusive and
24 by such reference incorporates the same herein as though fully realleged in detail.

25     70.    Plaintiff has a disability and medical condition as alleged above.

26     71.    Defendant was aware of Plaintiff's work-related injuries, resulting disability
27 medical condition, as alleged above and herein.

28     72.    Defendant failed and refused to accommodate Plaintiff's needs, and, failed

Smaili & Associates, P.C.

1  and refused to engage in an interactive process with Plaintiff, and, failed to address

2  Plaintiff's needs in light of his disabilities and medical condition.

3      73.    At all times herein alleged, Plaintiff was qualified for the position of

4  employment that he held with Defendant and was able to perform the essential functions

5  of that job if such reasonable accommodation had been made by Defendant.  At no time

6  would the performance of the functions of the employment position, with a reasonable

7  accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other

8  person's health or safety, nor would it have created an undue hardship to the operation of

9  Defendant's business.

10      74.    Defendant's failure to accommodate Plaintiff, as alleged above, constitutes

11  unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code*

12  §12940.

13      75.    As a direct, foreseeable, and proximate result of Defendant's wrongful

14  conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has

15  suffered the loss of wages, salary, benefits, the potential for advancement, and additional

16  amounts of money Plaintiff would have received but for Defendant's wrongful conduct, in

17  an amount of at least three hundred thousand dollars, all subject to proof at the time of trial.

18      76.    As a direct, foreseeable, and proximate result of the wrongful conduct of

19  Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional

20  distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an

21  amount subject to proof at trial.

22      77.    Plaintiff is informed and believes and thereon alleges that the above-alleged

23  actions of Defendant were the result and consequence of Defendant's failure to supervise,

24  control, direct, manage, and counsel those agents throughout Plaintiff's employment and

25  that Defendant ratified, condoned and/or encouraged the discriminatory behavior and

26  enabled agents to believe that their conduct was appropriate.

27      78.    Defendant, and each of them, failed to offer counseling or comfort to Plaintiff

28  and sent the unmistakable message that such conduct is appropriate in the workplace.

COMPLAINT

14

79.     Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities.   By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

80.     Plaintiff is informed and believes and thereon alleges that Defendant's desire to avoid accommodating Plaintiff was a motivating factor in the decision of Defendant to discriminate against him and ultimately terminate him.

81.     The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

82.     The conduct of Defendant as alleged hereinabove was done with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

83.     Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

## FIFTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(n)

#### (Against All Defendants)

84.     Plaintiff refers to all allegations contained in paragraphs 1-83, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

85.     Plaintiff has a disability as alleged above.

86.     Defendant was aware of Plaintiff's work-related injuries, resulting disability, and medical condition as alleged above and herein.

87.     Defendant failed and refused to engage Plaintiff in an interactive process

1 | designed to unite Plaintiff with his job.

2 |     88.    At all times herein alleged, Plaintiff was qualified for the position of
3 | employment that he held with Defendant and was able to perform the essential functions
4 | of that job if such reasonable accommodation had been made by Defendant.  At no time
5 | would the performance of the functions of the employment position, with a reasonable
6 | accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other
7 | person's health or safety, nor would it have created an undue hardship to the operation of
8 | Defendant's business.

9 |     89.    Defendant's failure to engage with Plaintiff in an interactive process, as
10 | alleged above, constitutes unlawful conduct in employment in violation of FEHA, and
11 | particularly *Gov't Code* §12940.

12 |     90.    As a direct, foreseeable, and proximate result of Defendant's wrongful
13 | conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has
14 | suffered the loss of wages, salary, benefits, the potential for advancement, and additional
15 | amounts of money Plaintiff would have received but for Defendant's wrongful conduct, all
16 | in an amount no less than three hundred thousand dollars, subject to proof at the time of
17 | trial.

18 |     91.    As a direct, foreseeable, and proximate result of the wrongful conduct of
19 | Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional
20 | distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an
21 | amount subject to proof at trial.

22 |     92.    Plaintiff is informed and believes and thereon alleges that the above-alleged
23 | actions of Defendant were the result and consequence of Defendant's failure to supervise,
24 | control, direct, manage, and counsel those agents throughout Plaintiff's employment and
25 | that Defendant ratified, condoned and/or encouraged the discriminatory behavior and
26 | enabled agents to believe that their conduct was appropriate.

27 |     93.    Defendant, and each of them, failed to offer counseling or comfort to Plaintiff
28 | and sent the unmistakable message that such conduct is appropriate in the workplace.

Smaili & Associates, P.C.

COMPLAINT

16

94.     Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities.   By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

95.     Plaintiff is informed and believes and thereon alleges that Defendant's desire to avoid accommodating Plaintiff was a motivating factor in the decision of Defendant to discriminate against him and ultimately terminate him.

96.     The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

97.     The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.   As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

98.     Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

## SIXTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION IN VIOLATION
### OF CALIFORNIA GOVERNMENT CODE § 12940(k)

#### (Against All Defendants)

99.     Plaintiff refers to all allegations contained in paragraphs 1-98, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

100.    During the course of employment, Defendant, and each of them, failed to prevent or remedy discrimination, retaliation and harassment toward Plaintiff on the basis of his disability, medical condition, age, race/national origin, and engagement in protected activity in violation of *Government Code* §12940(k).

101.   As a direct result of the wrongful conduct of Defendant, Plaintiff suffered, and continues to suffer, substantial losses in earnings and other benefits in an amount according to proof at the time trial, including special and general damages.

102.   As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant, Plaintiff has suffered and continues to suffer emotional distress and anguish, humiliation, substantial losses in salary, bonuses, job benefits, and other employment benefits which he would have received all to his damage in a sum within the jurisdiction of the Court to be ascertained according to proof.

103.   Plaintiff is informed and believes and thereon alleges that the outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Plaintiff's supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

104.   As a proximate result of the wrongful conduct of Defendant, and each of them, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish according to proof at the time of trial.

105.   These unlawful acts were further encouraged by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff.   The conduct of Defendant alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law.   As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

106.   Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

///
///
///
///
///

## SEVENTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF
## CALIFORNIA GOVERNMENT CODE §12940(h)
### (Against All Defendants)

107.   Plaintiff refers to all allegations contained in paragraphs 1-106, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

108.   At all times herein mentioned, FEHA, *Government Code* §12940(h), was in full force and effect and was binding on Defendant.  This statute requires Defendant to refrain from retaliating against Plaintiff.

109.   Plaintiff is informed and believes and thereon alleges that as a consequence of lodging complaints with Defendants about the harassing and discriminatory acts being committed against Plaintiff, coupled with Plaintiff's on the job injury, resulting disability, and medical condition for which reasonable accommodation was required, Defendant took retaliatory action against Plaintiff by failing to conduct a good faith interactive process aimed at reuniting Plaintiff with Plaintiff's job, failing to determine the essential functions of Plaintiff's job, mistreating Plaintiff, denying Plaintiff advancement and promotion, and ultimately terminating Plaintiff.

110.   Defendant unlawfully retaliated against Plaintiff after he engaged in protected activity, such as without limitation, intending to file/filing for workers' compensation, taking medical leave, lodging workplace complaints related to the harassment and discrimination that he was facing, requesting accommodation, and other complaints of a hostile and unsafe working environment.

111.   As a proximate result of Defendant's willful, knowing, and intentional conduct against Plaintiff, he has sustained and continues to sustain substantial losses in Plaintiff's earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain an and anguish, and sleep dysfunction, all to Plaintiff damage in a sum according to proof.

112.   These unlawful acts were further encouraged by Defendant and done with a

conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff.  In light of Defendant's willful, knowing, and intentional discrimination against Plaintiff which culminated in Plaintiff discharge, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

113.    Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of said expenses and fees and prays leave of court to amend this Complaint when said amounts are more fully known.

### EIGHTH CAUSE OF ACTION

### WRONGFUL TERMINATION

### (Against All Defendants)

114.    Plaintiff refers to all allegations contained in paragraphs 1-113, inclusive and by such reference incorporates the same herein as though fully realleged in detail.

115.    Plaintiff informed Defendants of his medical condition/cancer, and that he suffered work-related injuries which resulted in a disability.  Further, Defendants were aware of Plaintiff's requests for accommodation and complaints about harassment, discrimination, and his workplace environment.

116.    *Labor Code* §232.5 makes it illegal for an employer to prohibit an employee from discussing their working conditions.

117.    *Labor Code* §6310 protects an employee's right to complain of unsafe working conditions.

118.    *Labor Code* §6400 requires employers to provide a work environment that is safe for its employees.

119.    *Gov't Code* §12940 et seq., prohibits forms of discrimination against protected classes of employees.

120.    Defendant wrongfully terminated Plaintiff via constructive discharge in violation of a substantial and fundamental public policy in that a determining and motivating factor in Defendants' decision to terminate Plaintiff was the desire to retaliate against him because: (i) his medical condition/cancer, (ii) his work-related injuries and

Small & Associates, P.C.

COMPLAINT

20

resulting disability, (iii) he requested and required reasonable accommodation, (iv) he required an interactive process, (v) he took medical leave, (vi) his race/national origin, (vii) his age, and (viii) he lodged complaints about the discrimination, harassment, and retaliation he endured.

121.   Plaintiff is informed and believes and thereon alleges that these factors made up Defendants decision to terminate Plaintiff via constructive discharge and/or played an important and integral role in said decision.  Such discrimination was in violation of the public policy of the State of California and resulted in damage and injury to Plaintiff as alleged herein.

122.   As a proximate result of Defendants willful, knowing, and intentional discrimination and retaliation against Plaintiff, he has sustained and continues to sustain substantial losses in Plaintiff earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain an and anguish, and loss of sleep/sleep dysfunction, all to his damage in a sum according to proof.

123.   In light of Defendants willful, knowing, and intentional discrimination against Plaintiff which resulted in his wrongful termination, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

## NINTH CAUSE OF ACTION

### MEAL AND REST BREAK VIOLATIONS OF LABOR CODE §226.7

### (Against All Defendants)

124.   Plaintiff refers to all allegations contained in paragraphs 1-123, inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

125.   *Labor Code* §226.7(a) provides in pertinent part that, "No Employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

126.   *Labor Code* §512 provides in pertinent part that, "An employer may not employ an employee for a work period of more than five hours per work day without providing the employee with a meal period of not less than 30 minutes, except that if the

1   total work period per day of the employee is no more than six hours, the meal period may

2   be waived by mutual consent of both the employer and employee."

3       127.   *Labor Code* §512 further provides in pertinent part that, "An employer may

4   not employ an employee for a work period of more than 10 hours per day without providing

5   the employee with a second meal period of not less than 30 minutes, except that if the total

6   hours worked is no more than 12 hours, the second meal period may be waived by mutual

7   consent of the employer and the employee only if the first meal period was not waived."

8       128.   *Labor Code* §516 provides that the industrial Welfare Commission may

9   adopt or amend working condition orders with respect to meal periods for any workers in

10   California consistent with the health and welfare of those workers.

11       129.   Section 11(A) of the IWC Wage Order(s) provides that "Unless the employee

12   is relieved of all duty during a 30-minute meal period, the meal period shall be considered

13   an "on duty" meal period and counted as time worked. An "on duty" meal period shall be

14   permitted only when the nature of the work prevents an employee from being relieved of

15   all duty and when by written agreement between the parties an on-the-job paid meal period

16   is agreed to. The written agreement shall state that the employee may, in writing, revoke

17   the agreement at any time."

18       130.   Section 11(B) of the IWC Wage Order(s) provides that "If an employer fails

19   to provide an employee a meal period in accordance with the applicable provisions of this

20   order, the employer shall pay the employee one (1) hour of pay at the employee's regular

21   rate of compensation for each workday that the meal period is not provided."

22       131.   Likewise, the IWC Wage Order(s) and provisions of the Labor Code require

23   that an employer relieve an employee of duty for a 10-minute break for every four hours

24   worked.

25       132.   While employed by Defendants, and at all times relevant herein, Plaintiff

26   consistently worked over five (5) hours per shift and therefore was entitled to an

27   uninterrupted meal period of not less than thirty (30) minutes prior to exceeding five (5)

28   hours of employment, and, at least one rest break for every four hours worked.

*Smaii & Associates, P.C.*

133.   At all times relevant herein, Plaintiff did not waive his meal periods and/or rest breaks, by mutual consent with Defendants or otherwise.

134.   At all times relevant herein, Plaintiff did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period and/or rest break.

135.   Defendants failed to comply with the rest and meal period requirements established by *Labor Code* §226.7, *Labor Code* §512, *Labor Code* §516 and Section 11 of the IWC Wage Order(s).

136.   Pursuant to Section 11(B) of the IWC Wage Order(s) and *Labor Code* §226.7(b), which states in pertinent part that "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," Plaintiff is entitled to damages in an amount equal to one (1) additional hour of pay at Plaintiff's regular rate of compensation for each work day that the meal period was not provided.

137.   Pursuant to *Civil Code* §3287, Plaintiff seeks recovery of pre-judgment interest on all amounts recovered herein.

## TENTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *et seq.*

### (Against All Defendants)

138.   Plaintiff refers to all allegations contained in paragraphs 1-137 inclusive, and by such reference incorporates the same herein as though fully realleged in detail.

139.   Defendant, and each of them, have engaged in unfair and unlawful business practices as set forth above.

140.   Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair business practices.

141.   By engaging in the above-described acts and practices, Defendant, and each of them, have committed one or more acts of unfair, unlawful or fraudulent competition

1    within the meaning of Business & Professions Code §17200 *et seq.*

2    142.    Defendant, and each of them, have violated statutes and public policies.

3    Through the conduct alleged in this Complaint, Defendant, and each of them, have acted

4    contrary to public policies and have engaged in other unlawful and unfair business practices

5    in violation of Business & Professions Code § 17200 *et seq.*, depriving Plaintiff and all

6    interested persons of rights, benefits, and privileges guaranteed to all employees under law.

7    143.    As a direct and proximate result of the aforementioned acts and practices,

8    Plaintiff has suffered a loss of money and property in the form of wages and benefits that

9    he would have received as an employee of Defendant, and each of them.

10    144.    Plaintiff seeks an order of this Court awarding restitution, injunctive relief

11    and all other relief allowed under Business & Professions Code §17200 *et seq.*, plus interest

12    and costs.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, according to proof, but no less than $300,000;

2. For restitution for unfair competition pursuant to Business & Professions Code §17200 *et seq.*, resulting from Defendants' unlawful business acts and practices, according to proof;

3. For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties alleged in this Complaint;

4. For pre-judgment and post-judgment interest, according to proof;

5. For punitive and exemplary damages, according to proof;

6. For attorneys' fees, according to proof and statute;

7. For costs of suit incurred herein;

8. For such other relief and the Court may deem just and proper.


Dated: June 7, 2021                    **SMAILI & ASSOCIATES, P.C.**


By:  */s/ Jihad M. Smaili*
       Jihad M. Smaili, Esq.
       Attorney for Plaintiff

Smaili & Associates, P.C.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

Dated: June 7, 2021                         **SMAILI & ASSOCIATES, P.C.**


By:  _/s/ Jihad M. Smaili_
               Jihad M. Smaili, Esq.
               Attorney for Plaintiff

Smaili & Associates, P.C.

COMPLAINT

26